IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


MARK TRENTON WILLIAMS                                                    PLAINTIFF

v.                                    Civil No. 2:21-CV-02193

SHERIFF HOBE RUNION,                                                    DEFENDANTS
MANAGER EDDIE SMITH,
CAPTAIN DUMAS,
CORPORAL ASHLEY SMITH,
GUARD HOLT, GUARD DOMINEZ,
GUARD WHITE, DOCTOR JOHN DOE,
and NURSES JOHN OR JANE DOE


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28

U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred

this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. §

1915A.[1]  Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  28

U.S.C. § 1915A(a).

## I.    BACKGROUND

Plaintiff filed his Complaint on December 1, 2021.  (ECF No. 1).  Plaintiff alleges his

constitutional rights were violated while incarcerated in the Sebastian County Detention Center

("SCDC").[2]  Plaintiff alleges that from October 1, 2021, through November 18, 2021, he was

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").
[2] As Plaintiff did not limit himself to one claim to each claim section on the form as instructed, his allegations will be described by topic as opposed to claim number.

"poisoned by the wrong meds" and was given "no medical." (*Id*. at 4). He further alleges he was sick and allergic to what he was given, but "they" would not take him to the emergency room. (*Id*.). He alleges he is still swollen and sick and has been placed in a hospital cell to hide him from the general population. (*Id*.). Later in the complaint form, Plaintiff alleges that the doctor was supposed to give him Keflex but instead gave him a generic that "almost killed him." He alleges he is still "very bad," and two nurses told him that "it poisoned me." (*Id*. at 5). Plaintiff alleges these two nurses tried to help him, but the other nurses would not let them. (*Id*.). Plaintiff alleges "all medical denied." (*Id*. at 7). Plaintiff alleges he is a veteran, and the VA hospital had his records indicating his proper medical treatment. (*Id*. at 8). He alleges he now must use a cane and wheelchair due to his extreme pain. (*Id*.).

Plaintiff alleges that while he was ill, guards "stole his personal stuff" and "gave it to their friends." (ECF No. 1 at 5, 7). He also alleges that he was threatened with a beating while handcuffed. Based on the placement of this statement on the Complaint form, the Court will infer that the threat was made when Plaintiff protested the removal of property. (*Id*.). Plaintiff does not allege that he was actually beaten.

Plaintiff also alleges that while he was ill, Defendant Guard Holt threw him in a cell without a toilet or water, and twice denied him the opportunity to use the restroom. (ECF No. 1 at 5). As a result, Plaintiff defecated and vomited on himself. (*Id*.). Plaintiff also alleges that Holt threatened to "rough him up," but he does not allege that Holt ever did so. (*Id*.). Plaintiff alleges that when he was finally moved to another cell, that cell had feces and urine in it, and when he "got it clean," they moved him to another dirty cell. (*Id*.). Plaintiff does not allege that he became ill from the dirty cells.

Plaintiff proceeds against all Defendants in both their official and individual capacities. (ECF No. 1 at 5, 7, 8). He seeks compensatory and punitive damages. Plaintiff asks for $750,000, medical treatment, and that the people involved to be "tried and fined." (*Id*. at 9). He also asks that the guards and doctors do their jobs and "do federal time, because they do this to every inmate."[3] (*Id*.).

## II.    LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

---

[3] Plaintiff also includes a statement which appears to be from another inmate, Michael McGill, asking for monetary damages for himself and stating that Plaintiff was very ill. (*Id*. at 9). Plaintiff may not bring claims on behalf of other inmates. As interpreted by relevant case law, the Prison Litigation Reform Act requires each prisoner who brings a civil action to submit a separate complaint and a separate application to proceed *in forma pauperis. See e.g., Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).

3

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

### A.    Official Capacity Claims

Plaintiff fails to state any plausible official capacity claims.  Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits.  As explained by the Court in *Gorman*:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362.

*Gorman*, 152 F.3d at 914.  Here, Plaintiff fails to identify any custom or policy of SCDC which violated his rights.  He therefore fails to state any plausible official capacity claims.

### B.    Defendants Runion, Smith, Dumas, Smith, Dominez and White

"Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976).  Plaintiff has not provided any factual allegations as to how

these Defendants were responsible for any of his claims.  Thus, these claims are subject to dismissal.  *See Martin*, 780 F.2d at 1337 (even a *pro se* Plaintiff must allege specific facts sufficient to support a claim).

### C.    Verbal Threats

Plaintiff alleges that Defendant Holt and unidentified guards threatened to beat him or "rough him up."  He does not allege that any guard ever did so.  "Verbal threats do not constitute a constitutional violation."  *Martin*, 780 F.2d at 1339.  Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension.  *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

Plaintiff's claims based on verbal threats and harassment fail because they are not cognizable under § 1983.

### D.    Dirty Cells

Plaintiff fails to state a plausible conditions of confinement claim based on the allegation that he was placed in two cells in which feces and urine were present.  "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation."  *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).  Plaintiff has not alleged he suffered any actual physical injury from exposure to feces or urine in the cells.  Indeed, even exposure to raw sewage does not automatically constitute an Eighth Amendment violation.  *See Smith v. Copeland*, 87 F.3d 265 (8th Cir. 1996) ("[N]ot every overflowed toilet in a prison amounts to a constitutional violation.").  Plaintiff has also not alleged that he asked for and was denied cleaning supplies to remedy his concerns about the cleanliness of

the cells. *See Tokar v. Armentrout*, 97 F.3d 1078, 1082 (8th Cir. 1996) (although Plaintiff alleged filthy toilets, the court found it important to the Eighth Amendment analysis that he never asked for cleaning supplies). Instead, Plaintiff complains that he was moved from a cell after he "got it clean." Thus, Plaintiff fails to state a plausible conditions of confinement claim based on the allegation that he was placed in two cells in which feces and urine were present.

### E.    Theft of Personal Property

Plaintiff's claim that unidentified personal property was stolen by unidentified guards fails to state a plausible claim. *See Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 793 (8th Cir. 2004) (no cause of action for the taking of personal property as long as the state provides an adequate post-deprivation remedy). Even if the deprivation of his property was intentional, there is no Due Process violation when the state has provided Plaintiff with adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas provides the post-deprivation remedy of conversion for the recovery of personal property. *See Elliot v. Hurst*, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts to recover his lost property, he has no plausible claim pursuant to § 1983 in this regard.

### F.    Defendant Holt

Plaintiff states sufficient facts to survive screening for his claim that Defendant Holt refused to permit him access to a restroom on two occasions.

### G.    Defendants Doe Doctor and Doe Nurses

Plaintiff states sufficient facts to survive screening for his denial of medical care claim.

## IV.    CONCLUSION

Accordingly, the undersigned makes the following recommendations:

1.  Plaintiff's claim against all Defendants except Defendant Holt, Defendant Doe Doctor and Doe Nurses, should be DISMISSED WITHOUT PREJUDICE.

2.  All Defendants except Defendant Holt, Defendant Doe Doctor and Defendant Doe Nurses should be TERMINATED as Defendants in the case.

3.  Plaintiff's claim that Defendant Holt refused to permit him access to a restroom on two occasions should remain for further review.

4.  Plaintiff's denial of medical care claim against Defendant Doe Doctor and Doe Nurses should remain for further review.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of February 2022.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE