IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK TRENTON WILLIAMS                                                                   PLAINTIFF

v.                                  Civil No. 2:21-CV-02193-PKH-MEF

GUARD HOLT, *et. al.*                                                                  DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

**I.      BACKGROUND**

Plaintiff filed his Complaint on December 1, 2021. (ECF No. 1). The Orders provisionally filing the Complaint and granting Plaintiff *in forma pauperis* status both advised him that he must immediately inform the Court of any address change, or his case would be subject to dismissal. (ECF Nos. 3, 6).

On February 15, 2022, the undersigned entered a Report and Recommendation which recommended dismissing Plaintiff's official capacity claims, as well as his claims concerning verbal threats, dirty cells, and theft of his personal property. (ECF No. 8). This Report and Recommendation was adopted on March 9, 2022. (ECF No. 10). Plaintiff's claim against Defendant Holt for denial of access to a restroom on two occasions, as well as his denial of

1

medical care claim against Defendants Doctor John Doe and Nurses John or Jane Doe remained for further review. (ECF Nos. 8, 10).

On August 22, 2022, Defendant Holt filed a Notice of Returned Mail Sent to Plaintiff. (ECF No. 19). Defendant Holt stated that mail sent to Plaintiff in the Sebastian County Detention Center was returned as undeliverable, indicating that Plaintiff was no longer incarcerated in the facility. (*Id.*). Defendant Holt was also unable to locate Plaintiff in the Arkansas Division of Correction. (*Id.*). On August 29, 2022, mail sent to Plaintiff by the Court was returned as undeliverable, with no forwarding address. (ECF No. 20). The deadline for Plaintiff to inform the Court of his new address was set for September 28, 2022. (*Id.*).

To date, Plaintiff has failed to inform the Court of his new address, and he has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that

the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with two Court Orders.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.   CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of November 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE